IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| CASSIE TERRY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA NO. _____ |
| | § | |
| CARNIVAL CORPORATION d/b/a | § | IN ADMIRALTY |
| CARNIVAL CRUISE LINES, *in personam* | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Cassie Terry ("Plaintiff"), and for her Original Complaint against

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, *in personam* ("Defendant"),

and in support thereof, would respectfully show as follows:

**I.**
**NATURE OF THE CASE**

1.01     This is a suit for breach of maritime contract, negligence, negligent

misrepresentation, and fraud, arising out of incidents that occurred on, about, or around February

7, 2013, onboard the MV *CARNIVAL TRIUMPH* (the "Vessel"), wherein Plaintiff, a passenger,

was injured as a result of the unseaworthy, unsafe, unsanitary, and generally despicable

conditions of the Vessel created by the Defendant's tortious and negligent conduct.

**II.**
**JURISDICTION AND VENUE**

2.01     Plaintiff's claims against Defendant present an admiralty or maritime case within

the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of

the U.S. Constitution, 28 U.S.C. section 1333, and are brought pursuant to the General Maritime Law, and any other applicable laws and/or provisions.

2.02   **Maritime Contract Jurisdiction**.  Plaintiff's claim against Defendant's for breach of Plaintiff's maritime contract with Defendant invokes admiralty jurisdiction based upon the existence of a "maritime contract."  *See Sanderlin v. Old Dominion Stevedoring Corp*., 385 F.2d 79, 81 (4th Cir. 1967); *Stein Hall & Co., Inc. v. S.S. Concordia Viking*, 494 F.2d 287, 290 (2d Cir. 1974).

2.03   **Maritime Tort Jurisdiction**.  This Court has admiralty jurisdiction over Plaintiff's maritime tort claim(s) against Defendant for fraud and misrepresentation in connection with the formation and performance of a "maritime contract."  *See Wiedemann & Fransen APLC v. Hollywood Marine, Inc.*, 811 F.2d 864 (5th Cir. 1987) (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 266 (1972)).

2.04   **Supplemental Jurisdiction**.  In the alternative, Plaintiff's claims against Defendant present a case within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. section 1367.

2.05   Venue for maritime claims is proper pursuant to Rule 82 of the Federal Rules of Civil Procedure, and for claims over which there supplemental jurisdiction, pursuant to 28 U.S.C. section 1391(b)(2), and pursuant to contract between the Parties.

### III.
### PARTIES

3.01   Plaintiff is Cassie Terry, a resident of Brazoria County, Texas.

3.02     The Vessel is a Bahamas-flagged passenger / cruise vessel of 101,509 gross tons, built in 1999, which is owned, managed and/or operated by Defendant, LR/IMO No. 9138850, Call Sign C6FN5.

3.03     Defendant Carnival Corporation, d/b/a Carnival Cruise Lines, is a corporation incorporated under the laws of Panama, and having its principal place of business in Doral, Florida.  Carnival Corporation, d/b/a Carnival Cruise Lines, may be served with process by serving its agent for service of process, NRAI Services Inc., 515 East Park Avenue, Tallahassee, Florida, 32301.

## IV.
## BACKGROUND

4.01     On or about February 7, 2013, Plaintiff boarded the Vessel in Galveston, Texas, to enjoy a four-day leisure vacation cruise to Mexico.   The cruise was to arrive back in Galveston in February 11, 2013.

4.02     At all relevant times, the Vessel was owned, operated, managed, and otherwise controlled by Defendant, and situated in the navigable waters of the United States.

4.02     On or about February 10, 2013, when the Vessel was approximately 150 miles off Mexico's Yucatan Peninsula, an engine room fire knocked out its primary power source, crippling its water and plumbing systems and leaving it adrift.

4.03     Until the Vessel disembarked passengers, including Plaintiff, Plaintiff was forced to endure deplorable, unsafe and unsanitary conditions, including but not limited to, sweltering temperatures, lack of power and air conditioning, lack of hot or running water, and lack of working toilets.   As the Vessel was finally aided by slow-to-arrive tug boats, and slowly towed

3

to shore, Plaintiff feared for her life and safety, under constant threat of contracting serious

illness by the raw sewage filling the Vessel, and suffering actual or some bodily injury.

4.04    During the horrifying and excruciating tow back to the United States, the

Vessel listed sharply several times, causing human waste to spill out of non-functioning toilets,

flood across the Vessel's floors and halls, and drip down the Vessel's walls.  Plaintiff was forced

to endure unbearable and horrendous odors on the filthy and disabled Vessel, and wade through

human feces in order to reach food lines where the wait was counted in hours, only to receive

rations of spoiled food.  Plaintiff was forced to subsist for days in a floating toilet, a floating Petri

dish, a floating hell.

4.05    As a result of the Defendant's negligence and other acts and failures to act,

Defendant caused Plaintiff to be exposed to the unsafe, unsanitary, savage conditions onboard the

Vessel, and further causing Plaintiff to suffer risk of, or actual, physical injuries and immense,

incalculable mental anguish.

## V.
## FIRST CAUSE OF ACTION
### *Breach of Maritime Contract*

5.01    Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

5.02    Plaintiff and Defendant entered into a contract whereby Plaintiff was to be

provided a vacation cruise which included safe passage on a seaworthy vessel, adequate and

wholesome food, and sanitary and safe living conditions.

5.03    Defendant materially breached this contract with Plaintiff by failing to provide

safe passage on a seaworthy vessel, adequate and wholesome food, and sanitary and safe living

conditions.

5.04    As a result of Defendant's breach of contract, Plaintiff suffered serious physical and emotion, including but not limited to anxiety, nervousness, loss of the enjoyment of life, and other related damages.

## VI.
## SECOND CAUSE OF ACTION
### *Negligence*

6.01    Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

6.02    At all times material hereto, Defendant had a duty to provide Plaintiff with a safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff to suffering or inconvenience. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

6.03    Defendant, through their agents, servants and/or employees, were careless and negligent by, *inter alia*:

    a.    Negligently causing a fire on board the Vessel; and/or

    b.    Negligently allowing a fire to occur on board the Vessel; and/or

    c.    Negligently failing to have proper procedures in effect to avoid the Vessel catching fire and damaging the propulsion system; and/or

    d.    Negligently failing to have proper procedures in place to power the Vessel after a fire did occur; and/or

    e.    Failing to properly maintain the Vessel and its equipment so as to cause a fire to break out, resulting in a loss of power to the vessel;

    f.    Failing to provide safe and sanitary living conditions;

g.      Denying Plaintiff the standard of accommodations for which she contracted in advance of departure;

h.      Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of passengers on the Vessel;

I.      Negligently maintaining the Vessel;

j       Failing to promulgate and enforce reasonable rules and regulations to insure the safety and health of passengers aboard the Vessel, and ;

k.      Failing to observe, obey and enforce applicable safety and sanitation regulations aboard the Vessel.

6.04    By reason of Defendant's acts and failures to act, Plaintiff endured a miserable, excruciating voyage in deplorable, unsanitary conditions, and the risk of actual physical injury, or actual physical injury.

6.05    As a proximate result of the Defendant's conduct, Plaintiff was injured in mind and body, all as plead herein and subject to proof.

## VII.
## THIRD CAUSE OF ACTION
### *Negligent Misrepresentation*

7.01    Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

7.02    Plaintiff alleges that Defendant, through their multi-media advertising campaigns, made presentations and offers to Plaintiff for a luxurious, stress-free, vacation aboard the Vessel, to induce her to contract with Defendant for passage on a seaworthy Vessel.

7.03     Defendant knew the vessel was not seaworthy, either at the time it contracted with Plaintiff, or at the point of departure, but did not advise Plaintiff the Vessel had and was experiencing problems with its propulsion and/or engine room fire suppression equipment.

7.04     Plaintiff justifiably relied on the representations made by Defendant when choosing to book her passage aboard the Vessel, and to depart Galveston, Texas, aboard the Vessel.

7.05     Defendant's representations were material, false and misleading, as Plaintiff spent her "vacation" trapped aboard the disabled Vessel, suffering in unsanitary, dangerous, and deplorable living conditions, all of which caused her to suffer actual injury, or the risk of actual physical injury.

7.06     As a consequence of relying on Defendant's representations, Plaintiff has been injured in mind and body.

### VIII.
### FOURTH CAUSE OF ACTION
### *Fraud*

8.01     Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

8.02     Defendant, at all relevant times, knowingly made false statements to Plaintiff concerning material fact(s), namely, that the Vessel was seaworthy, and that Plaintiff would be provided passage on a seaworthy vessel, and enjoy safe, sanitary living conditions while aboard the Vessel.

8.03     Defendant intended that the Plaintiff rely upon these statements and Plaintiff did reasonably rely upon them.

8.04    Defendant knew the Vessel was not seaworthy, but nonetheless allowed Plaintiff to board the Vessel in Galveston.

8.05    As a consequence of relying on Defendant's fraudulent statements, Plaintiff has been injured in mind and body, including physical injuries or risk of physical injuries, anxiety, nervousness, loss of the enjoyment of life and other related damages, all of which is prayed for below.

## IX.
## JURY

Plaintiff demands a jury.

## X.
## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

A.    As to the First Cause of Action:

    (1)    Actual damages for Plaintiff's physical and emotional injuries;

    (2)    attorney's fees pursuant to law;

    (3)    pre- and post-judgment interest; and

    (4)    court costs.

B.    As to the Second Cause of Action:

    (1)    Actual damages for Plaintiff's physical and emotional injuries;

    (2)    exemplary damages;

    (3)    pre- and post-judgment interest; and

    (4)    court costs.

C.      As to the Third Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      exemplary damages;

      (3)      pre- and post-judgment interest; and

      (4)      court costs.

D.      As to the Fourth Cause of Action:

      (1)      Actual damages for Plaintiff's physical and emotional injuries;

      (2)      exemplary damages;

      (3)      attorney's fees pursuant to law;

      (4)      pre- and post-judgment interest; and

      (5)      court costs.

E.      As to all causes of action, for all and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
GILMAN & ALLISON LLP
Marcus R. Spagnoletti
Florida Bar No. 0085430
Email:   mspagnoletti@spaglaw.com
7924 Broadway, Suite 102
Pearland, TX 77584
Telephone:     713 224 6622
Facsimile:      866 543 3643
Attorneys for Plaintiff

**OF COUNSEL:**

GILMAN & ALLISON LLP
Douglas T. Gilman (TX State Bar No. 24048496)
Brenton J. Allison (TX State Bar No. 24040417)
Francis I. Spagnoletti (TX State Bar No. 188869600)
7924 Broadway, Suite 102
Pearland, TX 77584
Telephone:     713 224 6622
Facsimile:     866 543 3643
Email:             dgilman@gilmanallison.com
Email:             ballison@gilmanallison.com

COLLINS, O'NEAL & SWOFFORD, PLLC
Wayne D. Collins (TX State Bar No. 00796384)
Robert A. Swofford (TX State Bar No. 00791765)
Shana O'Neal (TX State Bar No. 24006944)
Perkins Station, Suite E
100 Perkins Avenue
League City, TX 77573
Telephone:     832 632 2761
Facsimile:     832 632 2970